THE SECURITY INSURANCE COMPANY *v.* HARRY MICHAEL
ET AE., A FIRM, ETC.

1. Where a petition has as its object the bringing under judicial inquiry fraudulent acts rendering void an award or finding regular on its face, and to annul and set aside the award is a vital condition with reference to legal rights depending upon it, a case for equitable jurisdiction is clearly presented.

2. If the effect of an award, if valid, is to fix a basis upon which several parties are to be made contributors, they are all parties in interest in the relief sought, and the same reasons which justify the joining of any two of them as plaintiffs require the joining of all.

3. Under the practice code the coming-in by cross-petition of some of . the parties in interest consenting to the action is not a proper joinder, and a demurrer to the petition on that ground will be sustained, with leave to redraft the petition and include the cross-petitioners as plaintiffs.

HOSEA, J.

Heard on demurrers to petition and cross-petition.

Suit is by two of six insurance companies (the other four being made defendants) against the defendant firm, seeking to set aside an appraisement award or finding of the amount of loss, alleged to be incorrect, excessive and unjust through and by reason of fraudulent acts and fraudulent misrepresentations of the insured in and during the appraisement proceedings, which acts and misrepresentations are claimed to render the policies void.

It appears, inferentially at least, that the award was upon a joint submission in that behalf .by all the companies concerned; and the four companies (or three of them) appear, represented by counsel for plaintiffs, and file cross-petitions, following, *in totidem verbis,* the averments of the petition and asking independently the same relief.

The petition is demurred to for (1) want of jurisdiction as to subject-matter; (2) misjoinder of parties plaintiff; (3) same, as to defendants; and (4) want of facts sufficient,

etc.; and the cross-petitions are also demurred to.

If, as I apprehend, the grounds stated all involve as a fundamental proposition the objection to the jurisdiction of equity in the premises, I think the demurrer is not well taken. It is fairly clear from the petition that the object is to bring under judicial inquiry fraudulent acts rendering voidable an award or finding regular on its face; and to invoke powers peculiar to equity—should the facts be found as alleged—to annul and set aside this award which is a vital condition as to legal rights depending upon it. In such a case the equitable jurisdiction of the court is clear beyond question and the demurrer as to the first ground must be overruled.

But it also appears that the award is the result of the joint and concurrent act of all the insurers; and its effect, if valid, is to fix a basis upon which all are to be made contributors, in proportion, to make good a common loss. All are therefore parties in interest, by virtue of this joint relationship to the award, in the relief sought to be obtained, namely, the annulment of the award as a condition of their liability. The same reasons that justify the joining of two as plaintiffs require the joining of all.

As the demurrer is said to search the record, it is sustainable upon the ground of defect of parties plaintiff, rather than misjoinder. Section 5005 of the practice code requires parties joined in interest to be plaintiffs, except where they refuse to join, in which event, upon proper allegations, they may be made defendants (Section 5007). But this was not done. The status here clearly shows that the cross-petitioners in fact consent and should be joint plaintiffs in the petition. As cross-petitioners they are not properly in the case and the cross-petitions are subject to be stricken from the files, but are not open to demurrer since it is not, properly speaking, a misjoinder as to them, not being real defendants.

For the reasons given the demurrers will be sustained in part, as to the petition, and overruled in part, with leave to amend petition in —— days, and overruled as to cross-petitions. But as the situation requires a redrafting of the

petition including the cross-petitioners as plaintiffs, it is suggested that a more complete, succinct and exact averment of facts is desirable, showing more clearly the grounds of joint equitable relief and an appropriate prayer that the court may take cognizance of the matter and determine it as an entirety according to the facts as they may be found upon final hearing, the plaintiffs submitting themselves to the jurisdiction for this purpose upon the theory that a court of equity having taken jurisdiction for one purpose will retain the cause and administer full relief in the premises.

Demurrer sustained with leave to amend in —— days.

*Cabell & Kohl,* for insurance company.
*Conner, Walker & Sparrow,* for Michael et al.